# UNITED STATES DISTRICT COURT

### Southern District of Ohio

**UNITED STATES OF AMERICA**

## JUDGMENT IN A CRIMINAL CASE

V.

(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number CR-2-06-122

Brian S. Layton

Laura Byrum, Esq.
Defendant's Attorney

## THE DEFENDANT:

__x__   admitted guilt to violation of mandatory, standard and special conditions of the term of supervision.

__   was found in violation of conditions after denial of guilt

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Mandatory Condition #3 | The defendant shall refrain from any unlawful use of a controlled substance | 9/13/12 |
| Special Condition #1 | The defendant shall participate in a program of testing and treatment for alcohol and substance abuse, also participate in a program of testing and treatment for mental health, as directed by the U.S. Probation Office, until such time as the defendant is released from said program by the U.S. Probation Office. | 8/24,29. 9/12, 19 and 10/4/12 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.:

Defendant's Date of Birth:

Defendant's USM No.:

Defendant's Residence Address:

Defendant's Mailing Address:

November 2, 2012
Date of Imposition of Sentence

Signature of Judicial Officer

Algenon L. Marbley
United States District Judge

November 6, 2012
Date

Defendant: Brian S. Layton                    Judgment --Page 2 of 3
Case Number:  CR-2-06-122

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Marshal to be imprisoned until a bed becomes available at a Residential Re-Entry Center.

__ The Court makes the recommendations to the Bureau of Prison that the defendant:


 X  The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district,

    __ at  .m. on ____.

    __ as notified by the Marshal.


__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    __ before 2 p.m. on ____.

    __ as notified by the United States Marshal.

    __ as notified by the Probation or Pretrial Service Office.




# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy U.S. Marshal

Defendant: Brian S. Layton                                      Judgment --Page 3 of 3
Case Number:  CR-2-06-122

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the remainder of the THREE (3) YEARS that was imposed on October 10, 2008.  As a modification of supervised release the defendant shall serve the first THREE (3) MONTHS in a Residential Re-entry Center.  The defendant is to remain in the custody of the U.S. Marshal until a bed becomes available in a Residential Re-entry Center.

The defendant shall report to the probation office in the district into which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant submit to one drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

_    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

 X  The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record of personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.